IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANNA GOLIC,<br><br>      Plaintiff,<br><br>      v.<br><br>EQUITY PRIME MORTGAGE, LLC<br><br>      Defendant. | CASE NO. 2:24-cv-02276-WB |

**DEFENDANT EQUITY PRIME MORTGAGE, LLC'S
ANSWER AND DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT**

Defendant Equity Prime Mortgage, LLC ("EPM"), by and through its undersigned counsel, answers Plaintiff Anna Golic's Amended Complaint (the "Complaint") as follows:

### RESPONSE TO INTRODUCTION

1.      The allegations of this paragraph constitute legal conclusions to which no response is required and the same are therefore denied. To the extent a response is required, EPM lacks sufficient knowledge or information to form a belief as to the truth of the allegations therein and the same are therefore denied. Plaintiff is left to her proofs.

### RESPONSE TO JURISDICTION AND VENUE

2.      The allegations of paragraph 2 constitute conclusions of law to which no responsive pleading is necessary and the same are therefore denied.

3.      The allegations of paragraph 3 constitute conclusions of law to which no responsive pleading is necessary and the same are therefore denied.

1

4. The allegations of paragraph 4 constitute conclusions of law to which no responsive pleading is necessary and the same are therefore denied.

**RESPONSE TO PARTIES**

5. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

6. Admitted, upon information and belief.

7. Admitted that EPM is a limited liability company organized under the laws of the State of Georgia.

8. Admitted.

8[sic]. The allegations of this paragraph constitute legal conclusions to which no response is required and the same are therefore denied.

**RESPONSE TO FACTUAL BACKROUND**

9. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

10. The allegations of this paragraph constitute legal conclusions to which no response is required and the same are therefore denied. To the extent a response is required, EPM lacks sufficient knowledge or information to form a belief as to the truth of the allegations therein and the same are therefore denied. Plaintiff is left to her proofs.

11. The allegations of this paragraph constitute legal conclusions to which no response is required and the same are therefore denied. To the extent a response is required, EPM lacks sufficient knowledge or information to form a belief as to the truth of the allegations therein and the same are therefore denied. Plaintiff is left to her proofs.

12. Admitted that EPM hired Plaintiff as Director of Loan Servicing on or about May 18, 2020; and that her employment with EPM ceased on or about December 31, 2023. The remaining

allegations of this paragraph constitute legal conclusions to which no response is required and the same are therefore denied.

13. Admitted that Plaintiff worked with Messrs. Carpitella, Qminacci, and Issel during the timeframes referenced in this paragraph. The remaining allegations of this paragraph constitute legal conclusions to which no response is required and the same are therefore denied.

14. Admitted that Mr. Issel was Plaintiff's supervisor during the last 3.5 months of her employment. The remaining allegations of this paragraph constitute legal conclusions to which no response is required and the same are therefore denied.

15. Admitted that during her employment at EPM Plaintiff communicated with, and worked with, Mr. Minghini and Ms. Brandao. The remaining allegations of this paragraph constitute conclusions of law to which no responsive pleadings are necessary and the same are therefore denied.

16. EPM lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph and the same are therefore denied. Plaintiff is left to her proofs.

17. Admitted that Plaintiff received one employee referral bonus in 2022. With respect to the remaining allegations, EPM lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph and the same are therefore denied. Plaintiff is left to her proofs.

18. Denied that Plaintiff received any bonuses in 2023. With respect to the remaining allegations, EPM lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph and the same are therefore denied. Plaintiff is left to her proofs.

19. EPM lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph and the same are therefore denied. Plaintiff is left to her

proofs.

20. EPM lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph and the same are therefore denied. Plaintiff is left to her proofs.

21. EPM lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph and the same are therefore denied. Plaintiff is left to her proofs.

22. EPM lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph and the same are therefore denied. The "documented examples" referenced therein, but not attached to the Complaint, will speak for themselves. Plaintiff is left to her proofs.

23. EPM lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph and the same are therefore denied. Plaintiff is left to her proofs.

24. EPM lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph and the same are therefore denied. Plaintiff is left to her proofs.

25. EPM lacks sufficient knowledge or information to form a belief as to the truth of those allegations of this paragraph and the same are therefore denied. Plaintiff is left to her proofs.

26. EPM lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph and the same are therefore denied. Plaintiff is left to her proofs.

27. EPM lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph and the same are therefore denied. Plaintiff is left to her proofs.

28. EPM lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph and the same are therefore denied. Plaintiff is left to her proofs.

29. Admitted that EPM hired Mr. Rizik. With respect to the remaining allegations, EPM lacks sufficient knowledge or information to form a belief as to the truth of those allegations of this paragraph and the same are therefore denied. Plaintiff is left to her proofs.

30. Denied as stated.

31. Admitted that Plaintiff contacted Mr. Issel and asked him if a new loan servicing director was starting. With respect to the remaining allegations, EPM lacks sufficient and/or information to form a belief as to the truth of those allegations and the same are therefore denied. Plaintiff is left to her proofs.

32. Admitted that Mr. Issel did speak with Plaintiff that day about the loan servicing director position. With respect to remaining allegations, EPM lacks sufficient knowledge or information to form a belief as to the truth of those allegations of this paragraph and the same are therefore denied. Plaintiff is left to her proofs.

33. EPM lacks sufficient knowledge or information to form a belief as to the truth of those allegations of this paragraph and the same are therefore denied. Plaintiff is left to her proofs.

34. Admitted that Plaintiff worked at EPM for nearly 4 years. With respect to the remaining allegations, denied as stated. Plaintiff is left to her proofs.

35. EPM lacks sufficient knowledge or information to form a belief as to the truth of the allegations therein and the same are therefore denied. Plaintiff is left to her proofs.

36. EPM lacks sufficient knowledge or information to form a belief as to the truth of the allegations therein and the same are therefore denied. Plaintiff is left to her proofs.

37. EPM lacks sufficient knowledge or information to form a belief as to the truth of the allegations therein and the same are therefore denied. Plaintiff is left to her proofs.

38. EPM lacks sufficient knowledge or information to form a belief as to the truth of the allegations therein and the same are therefore denied. Plaintiff is left to her proofs.

39. EPM lacks sufficient knowledge or information to form a belief as to the truth of the allegations therein and the same are therefore denied. Plaintiff is left to her proofs.

40. EPM lacks sufficient knowledge or information to form a belief as to the truth of the allegations therein and the same are therefore denied. Plaintiff is left to her proofs.

41. EPM lacks sufficient knowledge or information to form a belief as to the truth of the allegations therein and the same are therefore denied. Plaintiff is left to her proofs.

42. EPM lacks sufficient knowledge or information to form a belief as to the truth of the allegations therein and the same are therefore denied. Plaintiff is left to her proofs.

43. Admitted that Plaintiff was asked to extend her employment through December 31, 2023. With respect to remaining allegations, EPM lacks sufficient knowledge or information to form a belief as to the truth of the allegations therein and the same are therefore denied. Plaintiff is left to her proofs.

44. EPM lacks sufficient knowledge or information to form a belief as to the truth of the allegations therein and the same are therefore denied. Plaintiff is left to her proofs.

45. EPM lacks sufficient knowledge or information to form a belief as to the truth of the allegations therein and the same are therefore denied. Plaintiff is left to her proofs.

46. EPM lacks sufficient knowledge or information to form a belief as to the truth of the allegations therein and the same are therefore denied. Plaintiff is left to her proofs.

47. EPM lacks sufficient knowledge or information to form a belief as to the truth of the allegations therein and the same are therefore denied. Plaintiff is left to her proofs.

48. EPM lacks sufficient knowledge or information to form a belief as to the truth of the allegations therein and the same are therefore denied. Plaintiff is left to her proofs.

49. EPM lacks sufficient knowledge or information to form a belief as to the truth of the

allegations therein and the same are therefore denied. Plaintiff is left to her proofs.

50. The remaining allegations of this paragraph constitute legal conclusions to which no response is required and the same are therefore denied.

51. The allegations of this paragraph constitute legal conclusions to which no response is required and the same are therefore denied. To the extent a response is required, EPM lacks sufficient knowledge or information to form a belief as to the truth of the allegations therein and the same are therefore denied. Plaintiff is left to her proofs.

52. The allegations of this paragraph constitute legal conclusions to which no response is required and the same are therefore denied. To the extent a response is required, EPM lacks sufficient knowledge or information to form a belief as to the truth of the allegations therein and the same are therefore denied. Plaintiff is left to her proofs.

**RESPONSE TO COUNT I**
**([1] Actual/Perceived/Record of Disability Discrimination; [2] Retaliation;**
**[3] Failure to Accommodate; [4] Associational Disability Discrimination)**

53. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

54. The allegations of this paragraph constitute legal conclusions to which no response is required and the same are therefore denied.

55. The allegations of this paragraph constitute legal conclusions to which no response is required and the same are therefore denied.

56. The allegations of this paragraph constitute legal conclusions to which no response is required and the same are therefore denied.

57. The allegations of this paragraph constitute legal conclusions to which no response is required and the same are therefore denied.

58. The allegations of this paragraph constitute legal conclusions to which no response is required and the same are therefore denied.

59. The allegations of this paragraph constitute legal conclusions to which no response is required and the same are therefore denied.

60. The allegations of this paragraph constitute legal conclusions to which no response is required and the same are therefore denied

61. The allegations of this paragraph constitute legal conclusions to which no response is required and the same are therefore denied.

### RESPONSE TO COUNT II
### Violations of the FMLA
### ([1] Interference; and [2] Retaliation)

62. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

63. The allegations of this paragraph constitute legal conclusions to which no response is required and the same are therefore denied.

64. The allegations of this paragraph constitute legal conclusions to which no response is required and the same are therefore denied.

65. The allegations of this paragraph constitute legal conclusions to which no response is required and the same are therefore denied.

66. The allegations of this paragraph constitute legal conclusions to which no response is required and the same are therefore denied.

67. The allegations of this paragraph constitute legal conclusions to which no response is required and the same are therefore denied.

## COUNT III

## Violations of the Pennsylvania Human Relations Act ("PHRA")

68. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

69. The allegations of this paragraph constitute legal conclusions to which no response is required and the same are therefore denied.

70. The allegations of this paragraph constitute legal conclusions to which no response is required and the same are therefore denied.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE
### (FAILURE TO STATE A CLAIM)

The Complaint herein, and each cause of action thereof, fails to set forth facts sufficient to state a claim upon which relief may be granted against EPM and further fails to state facts sufficient to entitle Plaintiff to the relief sought, or to any other relief whatsoever from EPM.

### SECOND DEFENSE
### (FAILURE TO MITIGATE DAMAGES)

Plaintiff has failed to mitigate her damages, if any.

### THIRD DEFENSE
### (CONTRIBUTORY/COMPARATIVE FAULT)

EPM is informed and believes and thereon alleges that any purported damages sustained by Plaintiff were, at least in part, caused by the actions of Plaintiff herself and/or the other parties or third parties over which EPM has no control and resulted from Plaintiff's or third parties' own

negligence which equaled or exceeded any alleged negligence or wrongdoing by EPM.

## FOURTH DEFENSE
## (ESTOPPEL)

Any damages which Plaintiff may have suffered, which EPM continues to deny, were the direct and proximate result of the conduct of Plaintiff. Therefore, Plaintiff is estopped and barred from recovery of any damages.

## FIFTH DEFENSE
## (INTERVENING/SUPERSEDING CAUSE)

EPM is informed and believes and thereon alleges that if Plaintiff sustained any of the injuries alleged in the Complaint, there was an intervening, superseding cause and/or causes leading to such alleged injuries and, as such, any action on the part of EPM was not a proximate cause of the alleged injuries.

## SIXTH DEFENSE
## (STATUTE OF LIMITATIONS)

EPM is informed and believes and thereon alleges that many or all claims for relief in the Complaint herein are barred by the applicable statutes of limitation.

## SEVENTH DEFENSE
## (UNCLEAN HANDS)

The Complaint and each claim for relief therein that seeks equitable relief, are barred by the doctrine of unclean hands.

## EIGTH DEFENSE
## (LACHES/WAIVER)

The Amended Complaint and each claim for relief therein are barred by laches and/or waiver.

## NINTH DEFENSE
## (STANDING)

Plaintiff lacks standing because, *inter alia*, she has not suffered an injury in fact that is fairly traceable to the challenged conduct of EPM and is likely to be redressed by a favorable judicial decision.

## TENTH DEFENSE
## (RIGHT TO ASSERT ADDITIONAL DEFENSES)

EPM hereby gives notice that it intends to rely on any additional defenses that become available or apparent through discovery and/or the factual development in this case or otherwise, and thus reserves the right to amend its answer to assert such additional defenses.

## PRAYER FOR RELIEF

WHEREFORE, Defendant EPM, LLC prays as follows:

1) That Plaintiff's claims in the Complaint filed in this action be dismissed in their entirety;

2) For costs of suit and attorneys' fees herein incurred; and

3) For such other and further relief as the Court may deem just and proper.

Dated: March 26, 2025                                     Respectfully Submitted,

                                                          KREINER BURNS

                                                          By: /s/Thomas J. Burns III
                                                              Thomas J. Burns III
                                                              19 S. Main St., Suite B3-2
                                                              Yardley, PA 19067
                                                              Tel. (215)-514-0752
                                                              tjb3law@comcast.net

                                                          *Counsel for Defendant EPM,*

11

## CERTIFICATE OF SERVICE

I hereby certify that on March 26, 2025, I electronically filed a true and correct copy of **DEFENDANT EPM, LLC'S ANSWER AND DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT** with the Clerk of Court using the CM/ECF system, which will automatically send notification of such filing to ECF-registered parties.

*/s/ Thomas J. Burns III*
Thomas J. Burns III

*Counsel for Defendant*
*EPM, LLC*